UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. ANDERSON, et al.,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al.,

Defendant.

No. 2:26-cv-00486-TLN-CKD (PS)

FINDINGS AND RECOMMENDATIONS

(ECF No. 11)

Pending before the court is California Department of Social Services ("CDSS") and Dianna Wagner's (the "State Defendants") motion to dismiss the First Amended Complaint. (ECF No. 11.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the court submitted the motion upon the record and briefs on file. For the reasons stated below, the court recommends GRANTING the State Defendants' motion to dismiss without leave to amend.

**BACKGROUND**

In the operative First Amended Complaint ("FAC") Plaintiffs James and Jodi L. Anderson allege that they are spouses who adopted two children. (ECF No. 9 at ¶ 7.) Both children were adopted with the assistance of the California Adoption Assistance Program ("AAP") and are Title IV-E federally eligible. Id. at ¶ 29. In October 2017, they entered into an AAP agreement with Defendant Butte County Department of Employment and Social Services ("DESS") for one of their children. Id. at ¶ 31. In March 2020, they entered into a wraparound agreement with

Defendant DESS. Id. Wraparound agreements are "community-based intervention services that emphasize the strengths of the child and family and include the delivery off coordinated, highly individualized unconditional services to address needs and achieve positive outcomes." Id. at ¶ 23. Plaintiffs relocated from California to Tennessee in July 2021. Id. at ¶ 32. They had timely notified defendant DESS as required by their AAP agreements. Id. On September 19, 2023, defendant DESS issued an amended agreement that stated that the child subject to the October 2017 agreement "will remain eligible to receive an AAP benefit from the State of California regardless of the state in which [he resides]." Id. at ¶ 34.

In or about early 2024, Defendant DESS, through Defendant Lynette Dornan, a supervisor at DESS, terminated Plaintiffs' child's wraparound services effective February 1, 2024 due to his out of state status. Id. at ¶ 39. The notice cited no statute, regulation, or contract provision justifying its termination. Id. Plaintiffs allege that they timely appealed their son's termination and that on April 24, 2024, Administrative Law Judge ("ALJ") Miriam Kaviani reinstated Plaintiffs' son's wraparound services effective February 1, 2023 through July 29, 2024. Id. at ¶ 40.

On March 11, 2024, Defendant DESS issued two notices of action regarding Plaintiffs' other adopted child: one which acknowledged his wraparound contract effective November 10, 2023, and one which retroactively terminated his wraparound services effective February 1, 2024. Id. at ¶ 41. Defendant Butte County reinstated the other adopted child's wraparound services on April 29, 2024 effective April 23, 2024. Id. at ¶ 42. On May 6, 2024, Defendant DESS and Defendant Dornan terminated the other child's benefits, claiming that April 29, 2024 decision was made in error. Id. at ¶ 43. Plaintiffs appealed both the March 11 and May 6 notices of action and received a favorable ruling on June 19, 2024. Id. at ¶ 44. Defendant Butte County was ordered by ALJ Pamala Matsumoto to rescind the notices of action and to restore the other child's wraparound services effective November 10, 2023, to May 9, 2025. Id.

On August 30, 2024, Defendants Dianna Wagner and Zachary Kihm[1] issued an All

[1] Kihm has not appeared in this action.

County Letter[2] ("ACL") 24-66, which stated "Wraparound services paid by AAP are not available for AAP eligible children who reside outside of California." Id. at ¶ 46. On September 5, 2024, Defendant Dornan emailed Plaintiffs that wraparound services for both children were ending effective August 30, 2024. Id. at ¶ 48. Plaintiffs appealed the termination for both children. Id. at ¶ 51. Plaintiffs received adverse rulings for both children, with ALJ Selena Harrell justifying her ruling on ACL 24-66. Id.

On February 20, 2025, Defendant CDSS issued ACL 24-66E, which stated. "AAP may fund a Wraparound service provider in the child's state of residence if all the eligibility requirements outlined in ACL 24-66 are met." Id. at ¶ 55.

On April 25, 2025, Plaintiffs filed a Government Tort Claims notice against Defendants CDSS and Butte County pursuant to California Government Code § 910. Id. at ¶ 56.

On December 8, 2025, Plaintiffs filed this action in Sacramento County Superior Court, naming CDSS, Dianna Wagner, Zachary Kihm, Butte County, DESS, Lynette Dornan, and Does 1-50 as defendants. (ECF No. 1 at 7.) On February 17, 2026, Defendants Butte County, DESS, and Dornan removed this case to federal court. (ECF No. 1.)

On March 18, 2026, the Plaintiffs filed the FAC, which all Defendants agreed should be the operative complaint. (ECF Nos. 9. 12, 13, and 14.) On March 27, 2026, the State Defendants filed a motion to dismiss the FAC. (ECF No. 11.) On April 17, 2026, Plaintiffs filed an opposition, to which Defendants replied (ECF No. 18, 22.)

On April 22, 2026, Defendants Butte County, DESS, and Dornan (the "County Defendants") filed a motion to dismiss. (ECF No. 21.) On May 7, 2026, Plaintiffs filed an untimely opposition to the County Defendants' motion to dismiss accompanied by a request for the Court to consider the opposition. (ECF Nos. 24, 25.) On May 14, 2026, the Court accepted Plaintiffs' late opposition. (ECF No. 26.) On May 27, 2026, the County Defendants replied to plaintiffs' opposition. (ECF No. 29.)

On August 8, 2026, the Court submitted the motions on the record pursuant to Local Rule

---

[2] Plaintiffs allege that ACLs are guidance documents issued by California county welfare departments to clarify existing policy. Id. at ¶ 21.

230(g). (ECF No. 33.)

**CLAIMS AGAINST THE STATE DEFENDANTS CDSS AND WAGNER**

Plaintiffs bring four claims against the State Defendants: a violation of 42 USC § 1983 – Procedural Due Process; a violation of 42 USC § 1983 – Federal Adoption Assistance Statutes; a violation of 42 USC § 1983 – Ultra Vires Enforcement of ACL 24-66; and a violation of 42 USC § 1983 – Equal Protection. Plaintiffs request injunctive relief, declaratory relief, and compensatory damages. (ECF No. 9.)

**LEGAL STANDARDS**

**A. Federal Rule of Civil Procedure 12(b)(1)**

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

**DISCUSSION**

The State Defendants argue that Plaintiffs have failed to allege a live case or controversy and that the claims raised against them are barred by sovereign immunity. (ECF No. 11 at 5-8.) Defendants also argue that Plaintiffs' claims are barred because they failed to challenge the agency's ruling via a writ of mandate in state court. (ECF Nos. 11 at 8-10.) Because the Court finds Plaintiffs' request for declaratory relief is moot due to the issuance of ACL 24-66E and that this action against Defendants CDSS and Wagner are barred by Eleventh Amendment immunity,

the court need not address Defendants' remaining arguments regarding exhaustion of judicial remedies and recommends dismissing Defendants CDSS and Wagner from this action without leave to amend.

**A. Mootness**

Article III of the United States Constitution requires that a live case or controversy must continue to exist at the time that a federal court decides the case, not just at the time the lawsuit was filed. California Association of Rural Health Clinics v. Douglas, 738 F.3d 1007, 1017 (9th Cir. 2013). "If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [the federal courts] lack jurisdiction to resolve the underlying dispute." Id. (quoting Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 797–98 (9th Cir. 1999)).

Defendants argue that the FAC is moot. (ECF No. 11 at 7.) Plaintiffs seek declaratory relief against Defendants in finding ACL 24-66 to be "unlawful, ultra vires, and without force of law." (ECF No. 9 at 33.) Defendants argue that Plaintiffs lack standing to sue for declaratory relief because ACL-24-66 was superseded by ACL 24-66E prior to the filing of the lawsuit. (ECF No. 11 at 10.) Defendants also argue that Plaintiffs' alleged harm was "fully remediated" by ACL 24-66E. Id.

The Court agrees with Defendants that the legality of ACL 24-66 no longer presents a live issue and recommends dismissing Plaintiffs' request for declaratory relief as moot. See Twitter Inc. v. Lynch, 139 F. Supp. 3d 1075, 1081 (N.D. Cal. 2015) ("When subsequent legislation or rulemaking supersedes challenged regulations or rules, the challenge is moot."); see also Baltezar v. Cardona, 2025 WL 41931 at *3 (N.D. Cal. 2025) ("Once a challenged regulation 'is no longer in force,' 'the issue of the validity of [that] old regulation is moot.'") (quoting Princeton v. Schmid, 455 U.S. 100, 103 (1982) (per curiam)).

**B. Eleventh Amendment Immunity**

"The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" Sato v. Orange County Department of Education, 861 F. 3d 923, 928 (9th Cir. 2017) (quoting

U.S. Const. amend. XI). Eleventh Amendment immunity extends to suits against state agencies. See Natural Resources Defense Council v. California Dept. of Transp., 96 F. 3d 420, 423 (9th Cir. 1996). A lawsuit against a state official in their official capacity is construed as a suit against the state itself. See Holley v. California Dept. of Corrections, 599 F. 3d 1108, 1111 (9th Cir. 2010). There are two limited exceptions to Eleventh Amendment immunity: (1) if Congress abrogates sovereign immunity pursuant to its enforcement power under the Fourteenth Amendment; and (2) if the state in question were to consent to suit. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense. Bd., 527 U.S. 666, 670 (1999). However, under Ex parte Young and its progeny, a plaintiff may file a lawsuit against a state official "engaged in a *continuing* violation of federal law" for prospective equitable relief. In re Ellett, 254 F. 3d 1135, 1138 (9th Cir. 2001) (citing Ex parte Young, 208 U.S., 123, 159-160 (1908)) (emphasis added).

The State Defendants argue that they enjoy Eleventh Amendment immunity from Plaintiffs' Section 1983 claims. (ECF No. 11 at 11.) Defendant CDSS argues that as a state agency, it is an arm of the state. Id. Defendant Wagner argues that as a state agency official sued in her official capacity, she is also entitled to Eleventh Amendment Immunity protection. Id. Defendants also argue that Ex parte Young does not apply to this action because the ACL at issue was superseded by an amended guidance that allowed for out-of-state individuals to receive wraparound benefits.

The Court agrees with all three of Defendants' arguments. Plaintiffs do not allege an ongoing violation of law against the state defendants. As discussed above, ACL 24-66 was superseded by ACL 24-66E prior to plaintiffs' filing of this action. FAC at ¶ 55. Therefore, Plaintiffs cannot request relief for an ongoing violation of federal law, and the exception to Eleventh Amendment immunity under Ex Parte Young does not apply. See In re Ellett, 254 F. 3d at 1138.

**C. Leave to Amend**

It clearly appears granting further leave to amend against the State Defendants would be futile based on their immunity from suit. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court

does not have to allow futile amendments). See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility). The Court therefore recommends dismissing Defendants CDSS and Wagner without leave to amend.[3]

Accordingly, it is HEREBY RECOMMENDED that Defendants California Department of Social Services and Dianna Wagner's motion to dismiss (ECF No. 11) be GRANTED and defendants California Department of Social Services, Dianna Wagner, and Zachary Khim be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 18, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, ande26cv486

[3] For the same reasons, the court recommends dismissing defendant Zachary Kihm, a CDSS official sued in his official capacity, from this action, despite the fact that he has not appeared. See FAC at ¶ 10; see also Moreno v. Thomas, 490 F. Supp. 2d 1055, 1059, n. 2 (C.D. Cal. 2007) ("The Court may raise sua sponte the applicability of Eleventh Amendment immunity.")