UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. ANDERSON, et al.,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al.,

Defendants.

No. 2:26–cv–00486–TLN–CKD (PS)

FINDINGS AND RECOMMENDATIONS

(ECF No. 21)

Pending before the court is defendants Butte County, Butte County Department of Social Services, and Lynette Dornan, in her official capacity's motion to dismiss the first amended complaint ("FAC"). (ECF No. 21.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the court submitted the motion upon the record and briefs on file and vacated the August 12, 2026, hearing. For the reasons stated below, the court recommends GRANTING defendants' motion to dismiss and DISMISSING the first amended complaint without leave to amend.

**BACKGROUND**

A summary of the factual allegations and procedural posture can be found in the undersigned's findings and recommendations granting defendants California Department of Social Services ("CDSS") and Dianna Wagner's motion to dismiss the first amended complaint

without leave to amend. (ECF No. 35.)

On August 11, 2026, the court issued a minute order requiring additional briefing as to whether the statute of limitations has expired for plaintiffs James and Jodi Anderson to file a writ of mandate pursuant to Cal. Code Civ. P. § 1094.5 and whether the CDSS proceedings that led to the December 2, 2024, administrative ruling comported with the fairness requirements outlined in United States v. Utah Const. & Min. Co., 384 U.S. 394 (1966). (ECF No. 34.) Defendants Butte County, Butte County Department of Social Services, and Lynette Dornan (hereinafter, "the county defendants") were ordered to file a brief on these issues within 14 days of the court's order. Id. Plaintiffs were given an opportunity to file a responsive brief within 14 days of the county defendants' brief. Id. On August 24, 2026, the county defendants filed supplemental briefing pursuant to the court's order. (ECF No. 36.) On September 7, 2026, plaintiffs filed a response to defendants' supplemental briefing. (ECF No. 38.) Briefing is now complete.

**DISCUSSION**

The county defendants move to dismiss the FAC without leave to amend based on plaintiffs' failure to challenge the December 2, 2024, ALJ decision by a writ of mandate pursuant to Cal. Code Civ. P. § 1094.5 prior to filing this action. (ECF No. 21 at 2-3.) Alternatively, the county defendants argue the FAC should be dismissed because: (1) plaintiffs failed to state a Section 1983 due process claim; (2) defendants are immune to plaintiffs' breach of contract claim; and (3) plaintiffs have failed to state a Section 1983 Equal Protection claim because defendants' actions survive rational basis review. Id. at 3-5.

Plaintiffs argue that the failure to file a writ of mandate does not bar this action because the FAC instead challenges the legal authority of ACL 24-66 and the deprivation of benefits without lawful process. (ECF No. 25 at 3.) Plaintiffs also argue that the doctrine of exhaustion of judicial remedies does not apply to claims brought under 42 U.S.C. § 1983. Id. at 4. Separately, plaintiffs counter that (1) they have adequately stated their Procedural Due Process claim; (2) their breach of contract claim is not barred because the wraparound services agreement at issue is not a common law contract; and (3) they have adequately pled their Section 1983 Equal Protection claim. Id. at 4-8. Because the court recommends dismissing the first amended

complaint without leave to amend for failure to exhaust judicial remedies, it need not address the remaining arguments.

1. Exhaustion of Judicial Remedies

The California doctrine of exhaustion of judicial remedies gives the findings of a quasi-judicial proceeding a preclusive effect where a party challenging adverse findings from that proceeding fails to first seek a writ of mandate. See Johnson v. City of Loma Linda, 24 Cal. 4th 61, 69-70 (2000). Unless a plaintiff timely seeks relief in the form of a writ of mandate, the findings of the quasi-judicial proceeding "achiev[es] finality," and "has the effect of establishing the propriety of [the agency's] decision." Id. at 71 (quoting Briggs v. City of Rolling Hills Estates, 40 Cal. App. 4th 637, 646 (1995); Westlake Community Hosp. v. Superior Court, 17 Cal. 3d 465, 384 (1976)).

Federal courts give preclusive effect to state administrative tribunals where they comport with the fairness factors outlined in United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966). See Miller v. County of Santa Cruz, 39 F. 3d 1030, 1032-33 (9th Cir. 1994). These factors are: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." Id. at 1033 (citing Utah Construction, 384 U.S., at 422).

The court begins its analysis by determining whether the Utah Construction fairness factors are met. The parties do not dispute that the ALJ proceedings fit the first and third requirements outlined in Utah Construction. (ECF Nos. 36 at 2-4; 38 at 9.) Plaintiffs dispute the adequacy of the second element, arguing that the limits of preclusion of exhaustion of 1983 claims have been defined by Jamgotchian v. Ferraro, 93 F. 4th 1150 (9th Cir. 2024). In Jamgotchian, the Ninth Circuit held that an administrative tribunal did not meet the Utah Construction fairness factors where it lacked jurisdiction to hear plaintiffs' constitutional claims. Id. at 1156. In that case, plaintiffs' claims concerned the constitutionality of a state statute, which administrative agencies are barred under the California constitution from declaring unconstitutional or declaring a unenforceable on the basis of it being unconstitutional, without an appellate court's prior determination. Id. (citing Cal. Const. Art. III § 3.5.)

Unlike in Jamgotchian, however, plaintiffs' 1983 claims in this case concern ACL 24-66, which is not a statute nor regulation but a "guidance letter" issued by defendant CDSS to county welfare departments to clarify existing policy. FAC ¶ 21. Further, while California state agencies are prohibited from determining the constitutionality of statutes, "it does not affect the enforcement of their own rules or their competence to examine evidence offered to them in light of constitutional standards." Goldin v. Public Utilities Commission, 23 Cal. F. 3d 638, 669 n.18 (1979). Thus, the court concludes that the administrative tribunal had jurisdiction to hear plaintiffs' constitutional claims. The court further concludes that the December 2, 2024, decision is the "sort of 'adjudicatory, quasi-judicial decision' that is subject to the judicial exhaustion requirement." See Doe v. Regents of the University of California, 891 F. 3d 1147, 1155 (9th Cir. 2018) (quoting Y.K.A. Indus., Inc. v. Redev. Agency of San Jose, 174 Cal. App. 4th 339, 361 (2009)).

The court next turns to whether plaintiffs' claims are actually precluded by the December 2, 2024, ruling. The parties do not dispute that plaintiffs failed to seek a writ of mandate to challenge that December 2, 2024, ALJ decision, and that the statute of limitations to do so has expired. (ECF No. 36 at 1-4; No. 38 at 2-3, 9-10.) However, the parties disagree on whether the ALJ's findings bar plaintiffs' causes of action. The FAC alleges the December 2, 2024, hearing sustained defendant Butte County's September 9, 2024, notice of action and upheld plaintiffs' wraparound benefit terminations on the basis of ACL 24-66. (ECF No. 9 ¶ 51.) Plaintiffs argue that the doctrine of exhaustion of judicial remedies does not bar Section 1983 claims and that their action does not challenge the ALJ's decision, but instead challenges the legal authority of ACL 24-66, the constitutional validity of its enforcement, and the deprivation of benefits without due process. (ECF No. 25 at 3.) Defendants argue that the doctrine of exhaustion of judicial remedies bars the entirety of plaintiffs' action. (ECF No. 21 at 2-3.)

The court finds plaintiffs' Section 1983 arguments unavailing. In Briggs v. City of Rolling Hills Estates, 40 Cal. App. 4th 637 (1995), plaintiffs appealed adverse findings from a city planning commission regarding the construction of a patio/deck to their city council. Briggs, 40 Cal. App. 4th, at 641. After the city council upheld the planning commission's decision, instead

of seeking judicial review under to Cal. Code Civ. P. § 1094.5, plaintiffs filed a lawsuit alleging three causes of action, including injunctive relief and damages under Section 1983 for a wrongful deprivation of property and that the city ordinance that led to the halt in construction of the patio/deck was void for vagueness. Id. at 640, 642. The court upheld the trial court's ruling that plaintiffs' claims were precluded due to failing to seek judicial review via a writ of mandate. Id. at 647-48, 650. The court further held that plaintiffs allowed an administrative proceeding to become final and barred their claims by failing to exhaust *judicial* remedies, which precluded their claims under Section 1983. Id. at 647, 650. This is the case here, as plaintiffs failed to file a writ of mandate challenging the December 2, 2024, ALJ proceeding and have thus failed to exhaust judicial remedies prior to filing this action.

The court next turns to plaintiffs' arguments regarding the scope of the ALJ's ruling. When determining the scope of causes of action for preclusion purposes, California courts adopt the "primary rights" theory. See Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (1992) (quoting Takahashi v. Board of Education, 202 Cal. App. 3d 1464, 1474 (1988) (disapproved of on different grounds by Johnson, 24 Cal. 4th 61). "The underlying right sought to be enforced determines the cause of action." Takahashi, 202 Cal. App. 3d, at 1474. "Even where there are multiple legal theories upon which recovery may be predicated, one injury gives rise to only one claim for relief." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1976). To determine the primary right, the court looks to the harm suffered. Id. (quoting Agarwal v. Johnson, 25 Cal. 3d 932, 954 (1979)).

A review of the FAC reveals that all five of plaintiffs' causes of action are based on their right to continued wraparound benefits. (ECF No. 9 ¶¶ 68-100.) Each of the causes of action allege harm in the deprivation of plaintiffs' wraparound benefits, which were ultimately terminated at the December 2, 2024, hearing. Id. ¶¶ 67, 75, 82, 92, 100. Thus, the court concludes that plaintiffs' Section 1983 Due Process, Section 1983 violation of Federal adoption assistance statutes, breach of contract, Section 1983 claim related to ultra vires enforcement of ACL 24-66, and Section 1983 Equal Protection claims are barred by the doctrine of exhaustion of judicial remedies, and the court recommends dismissal without leave to amend. See Swartzendruber, 3

Cal. App. 4th, at 904 (undertaking the same analysis to conclude an intentional infliction of emotional distress and violation of public policy claims were barred due to sharing the same primary right as a parallel civil service commission proceeding.).

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants Butte County, Butte County Department of Social Services, and Lynette Dornan's motion to dismiss the first amended complaint (ECF No. 21) be GRANTED;
2. The first amended complaint be DISMISSED without leave to amend; and
3. The Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, ande.26cv486